UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DAVID ROBERT PAPERA,　　　　　　　　　　　　　No. 09-11651

　　　　　　　　　　Debtor(s).
_____/

ARLO HALE SMITH,

　　　　　　　　　　Plaintiff(s),

　　　　v.　　　　　　　　　　　　　　　　　A.P. No. 09-1109

DAVID ROBERT PAPERA,

　　　　　　　　　　Defendant(s).
_____/

Memorandum on Motion to Dismiss
_____

　　　　Plaintiff Arlo Smith is the former lawyer of debtor and defendant David Papera. Alleging nothing more than breaches of promises to pay, Smith has brought this action seeking to except his claim from discharge for fraud, breach of fiduciary duty, and willful and malicious conduct.

　　　　To be excepted from discharge under § 523(a)(4) of the Bankruptcy Code, there must be an express trust and not a trust arising out of any alleged wrongdoing. *In re Cantrell*, 329 F.3d 1119, 1125 (9th Cir. 2003). Even where an attorney is the *defendant*, § 523(a)(4) is not implicated unless

1

there has been a misuse of client trust funds. *In re Bigelow*, 271 B.R. 178, 187 (9th Cir.BAP 2001). There is no basis whatsoever in the complaint for Smith's claim under § 523(a)(4).

Likewise, the § 523(a)(6) claim is completely without merit. Intentional breach of contract is not grounds for excepting a debt from discharge unless accompanied by malicious and willful tortious conduct. *In re Riso,* 978 F.2d 1151, 1154 (9th Cir. 1992). Breach of promise to pay for services only rises to the level of tortious conduct when public policy and statute establish that it is essential to the public welfare that the payment be made. *In re Jercich*, 238 F.3d 1202, 1207 (9th Cir. 2001). There is no public policy requiring debtors to pay their lawyers' bills.

Creditors often try to turn breach of a promise to pay a debt into fraud by alleging that the debtor never intended to make the payment. The court has seen this pleaded many times, and never proved once. While the allegations may get the plaintiff past a motion to dismiss, they are generally a waste of time and in any even must be pleaded with much more specificity than Smith has done.

The remainder of defendant's arguments are not properly raised in a motion to dismiss and are more properly the subject of a motion for summary judgment. The court declines to treat the motion as one for summary judgment at this time.

For the foregoing reasons, the motion to dismiss will be granted, with prejudice as to § 523(a)(4) and § 523(a)(6), and without prejudice as to § 523(a)(2). Smith may have 20 days after entry of an order to file an amended complaint if he decides it is worthwhile to pursue this matter. Counsel for defendant shall submit an appropriate form of order.

Dated: November 10, 2009

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge

2

CERTIFICATE OF MAILING

The undersigned deputy clerk of the United States Bankruptcy Court for the Northern District of California hereby certifies that a copy of the attached document was mailed to all parties listed below as required by the Bankruptcy Code and Rules of Bankruptcy Procedure.

Dated: November 10, 2009

*Dawn Passalacqua*
Dawn Passalacqua
Deputy Clerk

Arlo Hale Smith
66 San Fernando Way
San Francisco, CA 94127