UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DAVID ROBERT PAPERA,                                    No. 09-11651

                            Debtor(s).
_____/

ARLO HALE SMITH,

                            Plaintiff(s),

         v.                                                              A.P. No. 09-1109

DAVID ROBERT PAPERA,

                            Defendant(s).
_____/

Memorandum on Second Motion to Dismiss
_____

     Despite the liberal use of exclamation points, plaintiff's amended complaint reads like little more than the unhappiness of an attorney who did not get paid by a client. Aside from allegations of oral misrepresentation of financial condition - which must be in writing to establish a claim of nondischargeability pursuant to § 523(a)(2) - the complaint alleges only false *promises*, not false *facts*. The issue is whether such allegations can state a claim under § 523(a)(2).

     The prevailing rule followed by most of the courts is that fraud may be predicated on promises

1

1  made with a present intention not to perform them. 37 **Am. Jur**.2d Fraud and Deceit § 90. See, e.g.,
2  *Matter of Bercier,* 934 F.2d 689, 692 (5th Cir. 1991). Accordingly, it appears that the complaint is
3  sufficient to survive a motion to dismiss. How plaintiff expects to prove that defendant intended to
4  deceive him the court has no idea. Moreover, repeated reliance of an attorney on a series of breached
5  promises to pay does not seem justifiable and undermines the case even if intent is proven.
6  Nonetheless, these are issues for trial and do not render the complaint subject to dismissal.

7  Since this is not a contract case, the fact that there might not have been a written contract is
8  irrelevant, as well as being outside the four corners of the complaint.

9  For the foregoing reasons, defendant's motion to dismiss the amended complaint will be
10 denied. Defendant may have 20 days after entry of an appropriate order, which plaintiff shall submit,
11 to answer the complaint.

13 Dated: January 13, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge